# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELITA RAMIREZ | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: 22-cv-225 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| *Defendant* | § | JURY DEMANDED |

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

A.   Plaintiff's Original Petition.
B.   Citation and Affidavit of Service by Certified Mail.
C.   Defendant's Original Answer to Plaintiff's Original Petition.
D.   Defendant's Demand for Jury Trial.
E.   Case Summary.
F.   List of Counsel of Record.

# Exhibit A

FILED
1/18/2022 10:16 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 407th District Court

CIT PPS

CAUSE NO. _____ **2022CI00969**

| | | |
|---|---|---|
| ANGELITA RAMIREZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ____JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ANGELITA RAMIREZ (hereafter referred to as "Plaintiff") in the above-styled and numbered cause complaining of WAL-MART STORES TEXAS, LLC (hereafter referred to as "Defendant") and files this her Plaintiff's Original Petition. In support thereof Plaintiff respectfully shows the Court and Jury as follows:

I.

### DISCOVERY CONTROL PLAN LEVEL

1.01    Plaintiff intends that discovery be conducted under Level 3 as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

II.

### CLAIM FOR RELIEF

2.01    Pursuant to Rule 47 of the Texas Rules of Civil Procedures, Plaintiff is seeking monetary relief between $250,000 but not more than $1,000,000 and a demand for judgment for all other relief to which Plaintiff deems herself entitled.

III.

## PARTIES AND SERVICE

3.01    Plaintiff ANGELITA RAMIREZ is an individual who resides in Bexar County, Texas.

3.02    Defendant WAL-MART STORES TEXAS, LLC is a corporation authorized to engage in business in the State of Texas, operates a shopping business throughout the State of Texas, including, but not limited to Bexar County, Texas, and may be served with process by serving its registered agent, CT Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

IV.

## JURISDICTION AND VENUE

4.01    This Court has jurisdiction over the subject matter of this case because the amount in controversy is within this Court's jurisdictional requirements

4.02    This Court has personal jurisdiction over the Defendant because at the time of the events and conditions giving rise to this lawsuit and/or at the time this lawsuit was filed the Defendant was a resident of Texas and/or was organized under the laws of Texas and/or maintained a certificate of authority from the Texas Secretary of State to conduct business in Texas and/or maintained a principal place of business in Texas and/or maintained a registered agent in Texas and/or was doing business in Texas and/or solicited business in Texas from Texas residents and/or marketed and advertised in Texas to Texas residents and/or contracted in Texas with Texas residents and/or committed torts in whole or in part in Texas and/or recruited Texas residents for employment and/or maintained continuous and systematic contacts with Texas and/or is generally present in Texas and/or otherwise has the requisite minimum contacts with

Texas, have purposefully availed themselves of the privileges and protections of Texas law, and could reasonably expect to be sued in Texas.

4.03    Venue is proper in Bexar County, Texas, pursuant to Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Converse, Bexar County, Texas.

V.

BACKGROUND FACTS

5.01    On or about April 11, 2021, Plaintiff was an invitee at Defendant WAL-MART STORES TEXAS, LLC'S local "WAL-MART" located at 8315 FM 78, Converse, Bexar County, Texas 78109.

5.02    As Plaintiff was walking in the premises, Plaintiff tripped and stumbled on a dangerous condition, namely a missing and broken tile, on Defendant's premises.  Plaintiff was injured because of the trip and stumble.   There were no "Warning Signs" on or near the dangerous condition.  As a result of the incident, Plaintiff sustain bodily injuries.

5.03    At the invitation of Defendant, Plaintiff entered upon Defendant's premises as an invitee to engage in the act of purchasing goods, foods, and/or services.

5.04    While Plaintiff was conducting business on Defendant's premises, she was injured because of a dangerous condition on Defendant's premises.   The condition posed an unreasonable risk of harm to Plaintiff, was the result of the actions, behavior, conduct, and/or inactions on the part of Defendant's agents, employees, representatives, and/or servants, while in the course and scope of their respective employment and/or official duties with Defendant. These actions and/or inaction by Defendant amounted to negligence.

5.05    Nothing Plaintiff did or did not do contributed in any way to the incident.

VI.

<u>PLAINTIFF'S FIRST CAUSE OF ACTION: NEGLIGENCE</u>

6.01    Plaintiff hereby incorporates the allegations contained in paragraphs set forth above as if fully set forth herein.

6.02    Defendant's acts and omissions outlined herein constitute negligence.

6.03    Defendant owed a common law duty to exercise ordinary care in the operation of its business so as not to endanger the safety of others such as Plaintiff.   Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances.

6.04    Defendant by and through its agents and employees breached that duty by one or more of the following acts and omissions:

   A.    Failing to maintain the floor and/or premises in a reasonably safe condition;

   B.    Failing to give adequate and obvious warnings to Plaintiff of the unsafe condition of the floor of the business premises;

   C.    Failing to discover dangerous conditions on the floor within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

   D.    Failing to inspect the floor for any unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

   E.    Failing to remove the unreasonably dangerous conditions from the floor prior to the Plaintiff and other customers entering the business premises; and,

   F.    Failing to provide sufficient and adequately trained personnel to inspect, find, and remove, unreasonably dangerous conditions from the floor, prior to subjecting Plaintiff and other persons to enter the business premises or area.

6.05    As a direct and proximate cause of Defendant's negligent acts or omissions, Plaintiff has suffered damages as described hereafter.

## VII.

### PLAINTIFF'S SECOND CAUSE OF ACTION:  PREMISES LIABILITY

7.01    Plaintiff hereby incorporates the allegations contained above as if fully set forth herein.

7.02    At all material times, Defendant. owned, possessed, operated and/or maintained the business premises "WAL-MART" located at 8315 FM 78, Converse, Bexar County, Texas 78109.   Furthermore, Defendant owed certain duties of care to Plaintiff and other business invitees.

7.03    Defendant breached its duty owed to Plaintiff and other invitees to exercise ordinary care by failing to adequately warn Plaintiff of the aforementioned dangerous condition at the premises "WAL-MART" located at 8315 FM 78, Converse, Bexar County, Texas 78109, and to make the premises reasonably safe for Plaintiff, which includes the duty to inspect the premises and to discover any dangerous condition.

7.04    Defendant and/or its agents, and/or its servants, and/or its employees knew or should have known of any dangerous condition that created an unreasonable risk of harm to the Plaintiff and other business invitees.

7.05    Despite such knowledge, Defendant and/or its agents, and/or servants, and/or employees negligently failed to warn Plaintiff of the dangerous condition at the premises or to otherwise make the premises safe.  This condition existed even though Defendant or Defendant's agents, and/or servants, and/ or employees knew or should have known of the existence and that there was likelihood of a person being injured.

7.06    At all material times, Defendant and its agents, employees, representatives, and/or servants, who were acting within the course and scope of their respective employment, breached

its duty in each of the following respects:

    A.    Failing to maintain the floor and/or premises in a reasonably safe condition;

    B.    Failing to give adequate and obvious warnings to Plaintiff of the unsafe condition of the floor of the business premises;

    C.    Failing to discover the substance on the floor and/or condition of the floor within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

    D.    Failing to inspect the floor for any foreign substances and/or unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area; and

    E.    Failing to remove the substance on the floor and/or condition on the floor for the Plaintiff and other customers entering the business premises.

    7.07    At all material times, Plaintiff was an invitee on the premises at the time of her injuries and other damages.  At the time of Plaintiff's injuries (1) the substance and/or condition on the premises created an unreasonable risk of harm to the Plaintiff; (2) the owner and/or possessor and/or operator knew or reasonably should have known of the substance on the floor; (3) owner and/or possessor and/or operator failed to exercise ordinary care to protect the invitee from danger; and (4) owner's and/or possessor's and/or operator's failure was a proximate cause of the injuries to the invitee.

    7.08    At all material times, all the agents, employees, representatives, and/or servants, of Defendant who were connected with the incident, were acting within the course and scope of their respective employment or official duties and in furtherance of the duties of their office or employment.  Therefore, Defendant is further liable for the negligent acts and omissions of their respective agents, employees, representatives, and/or servants under the doctrine of *respondeat superior*.

7.09    The Defendant's breach proximately caused the Plaintiff's injuries and damages as set forth below.

## VIII.

## EXEMPLARY DAMAGES/GROSS NEGLIGENCE

8.01    Defendant's acts or omissions by and through their respective agents, employees, representatives, and/or servants, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of and others.

8.02    Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to her from Defendant.

## IX.

## INJURIES AND/OR DAMAGES SUSTAINED BY PLAINTIFF

9.01    As a direct and proximate cause of the incident, Plaintiff has incurred customary medical and doctor expenses in the past and will, in reasonable probability, continue to suffer as a result from her injuries.

9.02    By reason of the foregoing injuries and damages, Plaintiff seeks damages for the elements of damages listed below:

a.      Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the past;

b.      Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the future;

c.      Pain and suffering in the past;

d.      Pain and suffering in the future;

e.      Mental anguish in the past;

f.      Mental anguish in the future;

g.      Physical disfigurement in the past; and

h.      Physical disfigurement in the future.

X.

JURY DEMAND

10.01   Plaintiff hereby demands a TRIAL BY JURY in this cause.

XI.

MISNOMER/ALTER EGO

11.01   In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that a Trial by Jury (On the Merits) be scheduled, and at the conclusion of said Trial, judgment be entered in favor of Plaintiff and against Defendant for damages in an amount within the jurisdictional limits of the Court (in compliance with the monetary relief sought by Plaintiff); exemplary damages, excluding interest, and as allowed by Section 41.008, Chapter 41 of the Texas Civil Practice and Remedies Code; together with pre-judgment interest (180 days after Defendant receives written notice of Plaintiff's claims or from the date of the filing of this petition whichever is earlier, through to the date immediately

preceding the date of the rendition of judgment in this cause) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**TIJERINA LEGAL GROUP, P.C.**
1200 S. 2nd St., Suite 4A
McAllen, Texas 78501
Telephone No. (956) 777-7000
Facsimile No.  (956) 972-0144
E-Mail:  TijerinaLit@gmail.com

BY: _____
HUMBERTO TIJERINA, III
State Bar No. 24028040
CESAR PALMA
State Bar No. 24094884
DEREK I. SALINAS
State Bar No. 24093098
GERARDO L. GARCIA, JR.
State Bar No. 24123059

**ATTORNEYS FOR PLAINTIFF**

# Exhibit B

FILED
2/15/2022 3:43 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Matthew Stanage
Bexar County - 407th District Court

PRIVATE PROCESS

**Case Number: 2022CI00969**

Angelita Ramirez VS Wal-Mart Stores Texas, LLC
(Note: Attached Document May Contain Additional
Litigants)

IN THE 407TH DISTRICT COURT
BEXAR COUNTY, TEXAS

<u>CITATION</u>

"THE STATE OF TEXAS"

Directed To:   **WAL-MART STORES TEXAS, LLC**
**BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEMS**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **ORIGINAL PETITION** was filed **on this the 18th day of January, 2022.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 21st day of January, 2022.

DEREK I SALINAS
ATTORNEY FOR PLAINTIFF
1200 S 2ND ST  4A
MCALLEN TX  78501



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ Ana Cortijo
Ana Cortijo, Deputy

---

ANGELITA RAMIREZ VS  WAL-MART STORES TEXAS, LLC

Case Number: 2022CI00969
407th District Court

### Officer's Return

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20____ at _____ o'clock _____ M. at _____ or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County,

Texas

BY: _____

_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____

Declarant

Please see attached

Copy from re:SearchTX

CAUSE NO.  2022CI00969

| | | |
|---|---|---|
| **ANGELITA RAMIREZ** | § | **IN THE 407TH DISTRICT COURT** |
| | § | |
| | § | |
| *VS* | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | **BEXAR COUNTY, TEXAS** |

### AFFIDAVIT OF SERVICE BY CERTIFIED MAIL

Party served: <u>**WAL-MART STORES TEXAS, LLC THROUGH REGISTERED AGENT: CT CORPORATION SYSTEMS**</u>
Address served: <u>1999 Bryan St, Ste 900, Dallas, Texas 75201</u>
County of Service: <u>Dallas</u>
Method of Service: <u>Certified Mail</u>
Certified Mail Return Receipt Number: <u>7021 0350 0002 1524 2589</u>
Came to Hand Date: <u>January 21, 2022 at 5:00 p.m.</u>
Date and time served: <u>February 8, 2022 at 10:45 a.m.</u>
Documents to be served: <u>1. CITATION 2. PLAINTIFFS' ORIGINAL PETITION</u>

I am certified under order of Texas Supreme Court to serve process, including citations in Texas. My identification number and certification expiration date appear below.  I am not a party to or interested in the outcome of this suit.  My identification number and certification expiration date appear below.  I received and delivered the Specified Documents to Defendant as stated above.  All statements made herein are true.  This return is verified or is signed under penalty of perjury.

My name is <u>Adriana Garcia</u>.  My date of birth is <u>5/9/73</u>.  My address is <u>PO Box 641, Mission, Tx 78573</u>.  I declare under penalty of perjury that the foregoing, including the Return of Service, is true and correct.

Executed in <u>Dallas</u> County, Texas, USA on <u>February 15, 2022.</u>

Signature: _____

**Adriana Garcia, PSC #:  12610  Expires:  4/30/2022**

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wal-Mart Stores Texas, LLC
by serving: CT Corporation Systems
1999 Bryan St. Ste 900
Dallas, Texas 75201

9590 9402 3939 8060 6507 17

2. Article Number (Transfer from service label)

7021 0350 0002 1524 2589

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
George Martinez                  FEB 0 8 2022

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

2/15/22, 3:00 PM                           USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70210350000215242589

Remove ✕

Your item has been delivered to an agent for final delivery in DALLAS, TX 75201 on February 8, 2022 at 10:45 am.

**USPS Tracking Plus® Available** ∨

## ✓ Delivered to Agent for Final Delivery

February 8, 2022 at 10:45 am
DALLAS, TX 75201

Feedback

**Get Updates** ∨

---

**Text & Email Updates**                                    ∨

---

**Tracking History**                                        ∨

---

**USPS Tracking Plus®**                                     ∨

---

**Product Information**                                     ∨

---

**See Less** ∧

Copy from re.SearchTX

2/15/22, 3:00 PM

USPS.com® - USPS Tracking® Results

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

Copy from re:SearchTX

# Exhibit C

FILED
2/25/2022 11:20 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Matthew Stanage
Bexar County - 407th District Court

NO.: 2022CI00969

| ANGELITA RAMIREZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 407TH JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | BEXAR COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC, Defendant in the above numbered and entitled cause of action, and files this Original Answer to Plaintiff's Original Petition and for support thereof would respectfully show unto the Court as follows:

I.

Defendant asserts denials, under Rule 92 of the Texas Rules of Civil Procedure, to each and every allegation contained in the said Petition, and demands strict proof thereof.

II.

Pleading further and without waiving the foregoing, Defendant asserts that if Plaintiff suffered injuries as a result of the incident made the basis of this lawsuit, which Defendant expressly denies by the filing of this pleading, that said injuries were caused in whole or in part by Plaintiff's own negligence or responsibility. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

III.

Pleading further and without waiving the foregoing, Defendant asserts that Plaintiff's recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiff. Accordingly, Defendant asserts all rights, privileges and

remedies afforded or available to it pursuant to §41.0105 of the Texas Civil Practices and Remedies Code.

## IV.

Pleading further and without waiving the foregoing, if exemplary damages are awarded to Plaintiff, Defendant intends to invoke the cap in the Damages Act, Texas Civil Practices and Remedies Code chapter 41, which restricts and limits Plaintiff's claim for exemplary damages.

## V.

Pleading further and without waiving the foregoing, Defendant asserts that the incident in question was proximately caused or solely proximately caused by the negligent and/or wrongful conduct of persons or third parties outside the control of this Defendant. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available to it pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

## VI.

Pleading further and without waiving the foregoing, Defendant specifically reserves the right to amend this Answer, as is its right under the Texas Rules of Civil Procedure.

PREMISES CONSIDERED, WAL-MART STORES TEXAS, LLC prays that Plaintiff take nothing by this lawsuit, and that Defendant be allowed to go hence without day and recover all of their costs and attorneys' fees, and such other and further relief, both special and general, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

DAW & RAY, LLP

/s/ *James K. Floyd*
James K. Floyd; TBN:24047628
Email: jfloyd@dawray.com
Elizabeth W. Yancy; TBN:24098642
Email: eyancy@dawray.com
14100 San Pedro Ave., Suite 302
San Antonio, TX 78232
(210) 224-3121 Telephone
(210) 224-3188 Facsimile
**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by electronic service on this the 25th day of February, 2022.

Humberto Tijerina, III                                    Email: TijerinaLit@gmail.com
Cesar Palma
Derek Salinas
Gerardo L. Garcia, Jr.
TIJERINA LEGAL GROUP, P.C.
1200 S. 2nd St., Suite 4A
McAllen, Texas 78501


/s/ *James K. Floyd*
James K. Floyd

# Exhibit D

FILED
2/28/2022 11:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera
Bexar County - 407th District Court

NO.: 2022CI00969

| | | |
|---|---|---|
| ANGELITA RAMIREZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 407TH JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY TRIAL

COMES NOW, WAL-MART STORES TEXAS, LLC, Defendant herein and, pursuant to the applicable Rules of the Texas Rules of Civil Procedure, hereby formally makes this demand and application for a jury trial in this litigation. Defendant will tender any appropriate jury fee upon the request of the court.

Respectfully submitted,

DAW & RAY, LLP

/s/ *James K. Floyd*

James K. Floyd; TBN:24047628
Email: jfloyd@dawray.com
Elizabeth W. Yancy; TBN:24098642
Email: eyancy@dawray.com
14100 San Pedro Ave., Suite 302
San Antonio, TX 78232
(210) 224-3121 Telephone
(210) 224-3188 Facsimile
**ATTORNEYS FOR DEFENDANT,**
**WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by electronic service on this the 28th day of February, 2022.

Humberto Tijerina, III                                                    Email: TijerinaLit@gmail.com
Cesar Palma

Derek Salinas
Gerardo L. Garcia, Jr.
TIJERINA LEGAL GROUP, P.C.
1200 S. 2nd St., Suite 4A
McAllen, Texas 78501

/s/ *James K. Floyd*
James K. Floyd

# Exhibit E

407th District Court

# Case Summary

### Case No. 2022CI00969

| | |
|---|---|
| **Angelita Ramirez VS Wal-Mart Stores Texas, LLC** | § Location<br>§ **407th District Court**<br>§ Judicial Officer<br>§ **407th, District Court**<br>§ Filed on<br>§ **01/18/2022** |

---

## Case Information

Case Type:   PREMISES

Case Status:   **01/18/2022   Pending**

---

## Assignment Information

**Current Case Assignment**

Case Number      2022CI00969
Court            407th District Court
Date Assigned    01/18/2022
Judicial Officer 407th, District Court

---

## Party Information

*Lead Attorneys*

**Plaintiff**   **Ramirez, Angelita**   **SALINAS, DEREK I**
*Retained*

**Defendant**   **Wal-Mart Stores Texas, LLC**   **FLOYD, JAMES**
*Retained*

---

## Events and Orders of the Court

01/18/2022    New Cases Filed (OCA)

01/18/2022    PETITION

01/21/2022    **Citation**
              Wal-Mart Stores Texas, LLC
              Served: 02/08/2022

02/15/2022    RETURN OF SERVICE - SUCCESSFUL
              *WAL-MART STORES TEXAS, LLC*

02/25/2022    ORIGINAL ANSWER OF
              *WAL-MART STORES TEXAS, LLC*

02/28/2022    REQUEST
              *for Jury Trial*

# Exhibit F

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANGELITA RAMIREZ | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: 22-cv-225 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| *Defendant* | § | JURY DEMANDED |

## LIST OF COUNSEL OF RECORD

1. Humberto Tijerina, III; SBN: 24028010
   Cesar Palma; SBN: 24094884
   Derek Salinas; SBN: 24093098
   Gerardo L. Garcia, Jr.; SBN: 24123059
   Email: TijerinaLit@gmail.com
   Tijerina Legal Group, P.C.
   1200 S. 2nd St., Suite 4A
   McAllen, Texas 78501
   (956) 777-7000 Telephone
   (956) 972-0144 Facsimile
   **ATTORNEYS FOR PLAINTIFF,**
   **ANGELITA RAMIREZ**

2. James K. Floyd; SBN: 24047628
   Email: jfloyd@dawray.com
   Elizabeth W. Yancy; SBN: 24098642
   Email: eyancy@dawray.com
   DAW & RAY, LLP
   14100 San Pedro, Suite 302
   San Antonio, Texas 78232
   (210) 224-3121 Telephone
   (210) 224-3188 Facsimile
   **ATTORNEYS FOR DEFENDANT,**
   **WAL-MART STORES TEXAS, LLC**